■ MAUREEN C. MIKAN, Respondent, v THOMAS S. MIKAN, Appellant. [737 NYS2d 689] —Crew III, J.P. Appeal from an order of the Supreme Court (Sheridan, J.), entered November 3, 2000 in Warren County, which, inter alia, granted plaintiff's motion to enforce a stipulation of settlement.

During the relevant time period, the parties were owners, as tenants by the entirety, of certain real property known as Chelka Lodge in the Town of Lake George, Warren County. In June 1996, the parties entered into a stipulation of settlement, subsequently incorporated but not merged in their August 1996 judgment of divorce, pursuant to the terms of which the subject

property was to be sold and, "after payment of the outstanding balance of the mortgage due and owing on said premises, the net proceeds [were to] be divided equally between the parties." In the interim, defendant was to reside at the property and continue to operate the business.

Thereafter, in May 2000, the parties entered into a contract of sale for the premises, which provided that the proceeds from the sale would be "split equally" between plaintiff and defendant as sellers. The contract further provided for various adjustments to and credits against the purchase price. At the June 2000 closing, the net proceeds from the sale were determined to be $846,519.43 and, accordingly, plaintiff and defendant each received $423,259.72. Defendant, however, received an additional $17,884.15, representing adjustments for property taxes, fuel and certain business expenses paid by defendant. Thus, the ultimate distribution of funds was $441,143.87 to defendant and $423,259.72 to plaintiff.

Plaintiff subsequently sought enforcement of the parties' stipulation of settlement, contending that the unequal distribution of the sale proceeds violated the terms of that agreement. Defendant opposed plaintiff's requested relief and cross-moved for sanctions. Supreme Court granted plaintiff's motion, denied defendant's cross motion and directed that defendant pay plaintiff an additional $26,532.13. Although the precise manner in which Supreme Court arrived at this figure is unclear, it appears that the court credited plaintiff a portion of the $17,884.15 paid to defendant at closing for the property taxes, fuel and business expenses incurred in operating Chelka Lodge and, additionally, a portion of the advance registration and dock rental moneys retained by defendant and credited against the purchase price. This appeal by defendant ensued.

The parties do not dispute that, following their divorce in August 1996, defendant alone retained responsibility for the day-to-day operation of Chelka Lodge and, in conjunction therewith, retained all income generated by the business and paid all expenses associated therewith. That being the case, it necessarily follows that any reimbursement due defendant at closing for moneys expended in the operation of such business belong to defendant alone. Stated another way, plaintiff cannot use moneys paid to defendant for property taxes, fuel and business expenses incurred to artificially inflate the purchase price and corresponding net proceeds from the underlying sale. Thus, plaintiff is not entitled to any portion of the $17,884,15 paid by the purchasers to defendant at closing.

We reach a contrary conclusion, however, with regard to the

advance registration and dock rental moneys retained by defendant and credited against the purchase price at closing. Contrary to defendant's assertion, such moneys do not constitute income earned by him for his labors at Chelka Lodge. Rather, these sums essentially represent deposits or advances against future income to be earned by the new owners. As defendant elected to retain such moneys, totaling $35,180.16, this sum properly was credited against the purchase price. Nonetheless, this credit to the purchasers also reduced the net proceeds available for distribution between plaintiff and defendant. Hence, plaintiff is entitled to a credit for one half of this amount or an additional $17,590.08, and Supreme Court's order is modified to reflect the reduced sum awarded. The parties' remaining arguments on appeal, including defendant's request for sanctions, have been examined and found to be lacking in merit.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff $26,532.13; award reduced to $17,590.08; and, as so modified, affirmed.